UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ENEE JERNIGAN, as natural tutrix for ) | | |
| D. F., minor child and heir of ) | | |
| KENETH FONTENOT, JR. ) | | |
| AND ) | | |
| DUPRE TRANSPORT, LLC ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No. 2:06-CV-53 | |
| ) | | |
| CL BROTHERS TRUCKING, INC., ) | | |
| *ET AL*. ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on three separate motions: (1) Defendants Moody's Sprinkler Company, Inc. ("Moody's") and Danny A. Martin's ("Martin") Motion for Summary Judgment, [Doc. 162]; (2) Plaintiffs Enee Jernigan ("Jernigan") and Dupre Transport, LLC's ("Dupre") Motion to Strike Certain Defenses by Defendants Domonte Briggs ("Briggs) and CL Brothers Trucking, Inc. ("CL Brothers"), [Doc. 166]; and (3) Defendants Briggs and CL Brothers' Motion to Set Aside Order of Dismissal With Prejudice as to Freightliner, [Doc. 176]. The Court

will discuss each issue in turn after setting forth a brief summary of the facts and the procedural history of the case.

This case is a diversity action for property damage and wrongful death as a result of a three vehicle collision which occurred on Interstate 81 in Sullivan County, Tennessee. CL Brothers was the owner of one tractor trailer driven by Briggs, which pulled from the shoulder of the interstate into the path of Dupre's tractor trailer driven by Kenneth Fontenot, Jr.("Fontenot"). The Dupre tractor trailer was carrying chemicals for Cytec Industries, Inc. ("Cytec"). The Dupre tractor trailer rear-ended the CL Brothers tractor trailer. The Dupre tractor trailer jack-knifed, and Defendant Moody's pickup truck, which was driven by Martin, hit the Dupre truck on the back of the trailer. Sometime either immediately at, or shortly after, the first impact, the Dupre tractor, which was manufactured by Freightliner, LLC ("Freightliner'), became engulfed in flames. Then the fire spread to the trailer. Fontenot received chemical burns and died of thermal injuries.

Originally, Dupre sued CL Brothers and Briggs for property damage as a result of the accident. Jernigan originally sued CL Brothers, Briggs, and Cytec. The cases were subsequently consolidated with a related third case. That related third case was dismissed. Also, the magistrate judge ordered that the parties be realigned. In addition, subsequent amended pleadings added Moody's, Martin, and Freightliner.

These amendments were mainly as a result of CL Brothers and Briggs raising the affirmative defense of comparative fault against these other actors.

On June 1, 2007, Cytec moved for summary judgment, arguing that there was no genuine issue of material fact as to it for either the accident or the death of Fontenot. The plaintiffs filed a response stating that they did not oppose the motion, and they did not oppose the entry of final judgment pursuant to Rule 54(b). No other defendant filed a response. Thus, on September 11, 2007, this Court granted Cytec's motion and entered final judgment on the same day. No objection was filed to the entry of judgment.

Much later in the case's progression, on March 26, 2010, Moody's and Martin filed a Motion for Summary Judgment, [Doc. 162]. They argue that there is no genuine issue of material fact that they caused the accident or the death of Fontenot. On April 13, 2010, Jernigan filed her response, [Doc. 165]. On that same day, she filed a motion to strike certain affirmative defenses of CL Brothers and Briggs, [Doc. 166], "to the extent those defenses blame others without any basis." Accordingly, she argued in her response to Moody's and Martin's motion for summary judgment that she is "skeptical of any affirmative defense of CL Brothers and Briggs. But this skepticism of one plaintiff is not sufficient to warrant summary judgment if Briggs and CL Brothers (or any other remaining party) can show fault of

Moody sufficient to warrant placing Moody on the verdict form. In other words, [she does] not consent to summary judgment but would demand that Defendant Briggs and his employer show negligence on the part of Moody/Martin." CL Brothers and Briggs did not respond to Moody's and Martin's motion for summary judgment. However, on May 4, 2010, they responded to Plaintiff Jernigan's motion to strike.

Meanwhile, the Court had ordered the parties to mediate. On May 21, 2010, the mediator reported that the mediation was unsuccessful. On that same day, Freightliner filed a motion for entry of an agreed order of dismissal with prejudice, [Doc. 173]. In that motion, Freightliner stated that plaintiffs had agreed to dismiss with prejudice all claims against it. The Court entered the Agreed Order, [Doc. 174], on May 24, 2010. Then on May 28, 2010, CL Brothers and Briggs filed their motion to set aside the order, [Doc. 176]. They argued that because there were pending motions "addressing liability and issues of other Co-Defendants" the order should be set aside "until the other Motions are completely ruled upon."

## I. MOODY'S AND MARTIN'S SUMMARY JUDGMENT MOTION

First, this Court will address Moody's and Martin's Motion for Summary Judgment. They argue that there is no genuine issue of material fact as to whether they caused the accident or the death of Fontenot. Neither the plaintiffs nor other defendants necessarily challenge the granting of the motion. This Court will address

the merits after setting forth the standard of review.

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party.

*Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

Again, Briggs and CL Brothers did not file a response to the motion for summary judgment. They responded to Jernigan's Motion to Strike Affirmative Defenses, and in so doing, they focus on Cytec and Freightliner. They do not address or even claim that there is a genuine issue of material fact as to Moody's and Martin.

Also, Jernigan does not necessarily oppose the granting of summary judgment. She argues that Briggs and CL Brothers should show negligence on the part of Moody's and Martin.

Jernigan is correct in that the moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252. No nonmoving party has done so in this case. Therefore, this Court FINDS that there is no genuine issue of material fact as to the liability of Moody's and Martin in either causing the accident or causing the death of Fontenot. Accordingly, their motion, [Doc. 162], is **GRANTED**.

## II. MOTION TO STRIKE AFFIRMATIVE DEFENSES

Second, this Court will address Plaintiff Jernigan's Motion to Strike Affirmative Defenses by Defendants Briggs and CL Brothers, [Doc. 166]. The plaintiff argues that "there is no genuine defense as there is no issue of any material fact" as to Moody's, Martin, Cytec, and Freightliner. Because the plaintiff relies upon facts outside of the pleadings in moving to strike Briggs and CL Brothers' affirmative defenses of comparative fault as to these co-defendants, this Court will consider the

motion under Rule 56, the standard for which is set forth above.[1]  This Court will discuss each co-defendant in turn.

In regard to Cytec, Cytec moved for summary judgment arguing that there was no genuine issue of material fact as to it for either the accident or the death of Fontenot.  The plaintiffs filed a response stating that they did not oppose the motion, and they did not oppose the entry of final judgment pursuant to Rule 54(b).

---

[1] United States District Judge Will writing for the Northern District of Illinois explained such "conversion" in *Marco Holding Co. v. Lear Siegler, Inc.*, 606 F.Supp. 204, 213 (N.D. Ill. 1985).  *Marco* stated:

Unlike a Rule 12(b)(6) motion, there is no comparable provision for "converting" a 12(f) motion to strike an insufficient defense into a Rule 56 motion for summary judgment.  However, several commentators suggest that, if matters outside the pleadings are presented and considered, especially those testing the legal sufficiency of a defense, a Rule 12(f) motion can be transformed into a motion testing the factual and evidentiary, as well as the legal, basis for the challenged pleading and would serve much the same function as a motion for summary judgment.  *See* C. Wright & A. Miller, 5 Federal Practice & Procedure, § 1380 at 789 (1969).

Although some courts conclude that matters outside the pleadings should never be considered when ruling on a motion to strike, *see, e.g., Krauss v. Keibler-Thompson Corp.*, 72 F.R.D. 615, 617 (D. Del.1976), other courts have done so in the course of "converting" a 12(f) motion into one for partial summary judgment. *See, e.g., Morrill v. Becton, Dickenson and Company*, 216 U.S.P.Q. 550, 552 (E.D. Mo.1981) and cases cited therein; *General Dynamics Corp. v. United States*, 558 F.2d 985, 989, 214 Ct.Cl. 607 (1977). We believe that this is the better approach, especially here where the challenge is directed at the substance, rather than at the form of defendant's pleading. *See* The Motion to Strike an Insufficient Defense-Rule 12(f) of the Federal Rules of Civil Procedure, 11 Rutgers-Camden L.J. 441, 443, 457 (1980). *See also* Wright & Miller, *supra* (the conversion provisions in 12(b)(6) and 12(c) were inserted at the same time as the motion to strike an insufficient defense was formally recognized and the possibility of extending the practice to 12(f) may have been overlooked); Report of the Advisory Committee on Federal Rules of Civil Procedure Recommending Amendments, 5 F.R.D. 339, 345 (1946) (the failure to draft a conversion clause similar to that in 12(b)(6) and 12(c) was unintentional). We will, therefore, treat plaintiff's 12(f) motion as one for partial summary judgment, as it alternatively requests, and will apply the same standard for summary judgment as delineated earlier in this opinion.

*Id.*

No other defendant filed a response. Thus, on September 11, 2007, this Court granted Cytec's motion and entered final judgment on the same day. No objection was filed to the entry of judgment.

Thus, Jernigan argues that there is no genuine issue on the defense of comparative fault because Briggs and CL Brothers are collaterally estopped from arguing or relying upon any fault of Cytec in view of this Court's grant of summary judgment and entry of final judgment. Briggs and CL Brothers argue that there is a genuine issue of material fact as to the cause of Fontenot's death.[2] They rely upon *McDonald v. Petree*, 409 F.3d 724 (6th Cir. 2005), in contending that even though they did not respond to Cytec's summary judgment motion, they are not precluded from offering evidence of Cytec's fault at trial.

In *McDonald*, Mrs. Hudspeth was driving her vehicle in which Mrs. McDonald was a passenger. *Id*. at 725. Ms. Petree's vehicle struck the Hudspeth vehicle from behind. *Id.* Mrs. McDonald contended that upon impact, her knees hit the dashboard and she was injured. She did not assert this injury until sometime after the accident. *Id.* McDonald and her husband sued Hudspeth and Petree. *Id*. Hudspeth filed a motion for summary judgment, and Petree and the McDonalds

---

[2]Briggs and CL Brothers admit that neither Cytec nor Freightliner caused or contributed to the collision.

responded. *Id*. at 727. The McDonalds responded that "although they were not aware of any negligence on the part of Hudspeth, if Petree could prove Hudspeth's negligence, they should be allowed to recover against Hudspeth under Tennessee's comparative fault doctrine." *Id*. The district court granted summary judgment, and the McDonalds moved to reconsider arguing genuine issues of material facts remained as to Hudspeth's negligence and, alternatively, that if Hudspeth was entitled to summary judgment, then neither the McDonalds nor Petree should be able to argue her negligence at trial. *Id.* The district court denied the motion, and the jury returned a verdict in favor of Petree. *Id*.

The Sixth Circuit upheld the district court's decision, relying on *Golman v. Tesoro Drilling Corp*., 700 F.2d 249 (5th Cir. 1983), as did the district court. *McDonald*, 409 F.3d at 729. The Sixth Circuit explained that the *Golman* court "held that one defendant was not precluded from introducing evidence of another defendant's negligence despite the second defendant's prior dismissal from the suit at the summary judgment stage." *Id*. That court reasoned that "a final judgment had not been entered with respect to the dismissed defendant and, therefore, that the order dismissing the second defendant was 'subject to revision at any time before entry of [final] judgment.' *Id*. at 253 (quoting Fed. R. Civ. P. 54(b))." *Id*. Thus, the Sixth Circuit upheld the decision that evidence of Hudspeth's negligence could be admitted

in the McDonalds' case against Petree. *Id.* at 730. Finally, in a footnote, the *McDonald* Court stated that Tennessee comparative fault law had not been addressed on this particular issue, and that "after a court finds that a plaintiff has not created genuine fact questions as to the defendant's fault, collateral estoppel does not bind the court to adhere to the conclusion that the defendant is faultless when, at a later stage in the litigation, a co-defendant seeks to avoid liability by proving the dismissed defendant's negligence. *Id.* at 730 n. 2. In addition, the court further stated in the footnote that "[u]nder *Erie*, when a federal court sits in diversity, federal law applies to the application of preclusion doctrines." *Id.*

Here, final judgment was entered. Thus, this situation with Cytec is distinguishable from that in *McDonald*. This situation, however, is similar to that with Moody's and Martin, and this Court will discuss the application to those defendants next. As to Cytec, because final judgment has been entered and not objected to, this Court will analyze the collateral estoppel issue relying on federal law.[3]

As for collateral estoppel/issue preclusion, that doctrine applies only if "(1) the precise issue raised in the present case [was] raised and actually litigated in the prior proceeding; (2) determination of the issue [was] necessary to the outcome

---

[3]Jernigan relies upon Tennessee law; however, this court will apply federal common law. *See McDonald*, 409 F.3d at 730 n. 2.

of the prior proceeding; (3) the prior proceeding . . . resulted in a final judgment on the merits; and (4) the party against whom [issue preclusion] is sought ... had a full and fair opportunity to litigate the issue in the prior proceeding." *Smith v. Securities & Exch. Comm'n*, 129 F.3d 356, 362 (6th Cir.1997) (*en banc*) (citing *Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir.1987)).

In the instant case, all factors are in favor of preclusion. The precise issue of Cytec's liability for causing the accident and causing the death was raised in the summary judgment motion and subsequently decided in Cytec's favor by the Court. The determination was necessary and final judgment was entered. Furthermore, Briggs and CL Brothers were and still are parties in the suit. They had an opportunity to fully participate and litigate the issue had they chosen to do so. Based on the foregoing, Jernigan's motion is **GRANTED** in this regard. Briggs and CL Brothers are collaterally estopped from arguing that the accident and Fontenot's death were caused by the fault of Cytec.

In regard to Defendants Moody's and Martin, they moved for summary judgment arguing that there was no genuine issues of material facts as to them either causing the accident or the death of Fontenot. As stated above, neither the plaintiffs nor Briggs and CL Brothers necessarily opposed the motion. Moody's and Martin presented evidence showing there was no genuine issue of material fact as to them.

The nonmoving parties did not present any significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. Thus, this Court granted summary judgment. Nonetheless, final judgment has not been entered on that issue. Thus, pursuant to *McDonald*, Briggs and CL Brothers are not precluded from relying on the affirmative defense of Moody's and Martin's negligence. Accordingly, Jernigan's motion in this regard is **DENIED**.

As to Defendant Freightliner, the situation is different. That defendant did not move for summary judgment. Instead, on May 21, 2010, Freightliner moved for entry of an agreed order dismissing all of plaintiffs claims against it with prejudice. The Court entered the order on May 24, 2010.

"Under binding Sixth Circuit precedent, where a plaintiff moves to voluntarily dismiss his case with prejudice, a court has no discretion and must grant the motion." *York v. Ferris State University*, 36 F.Supp.2d 976, 979 (W.D. Mich. 1998) (citing *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964) (per curiam)). Furthermore, in *Smoot*, the court stated, "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this." 340 F.2d at 303. "In other words, a plaintiff's voluntary dismissal of the complaint with prejudice constitutes a final adjudication in

the defendant's favor." *United States v. Rogers*, No. 1:97-CV-461, 2003 WL 21212749, at *4 (E.D. Tenn. April 3, 2003).

Therefore, a final judgment on the merits was entered. This point is important in deciding whether Briggs and CL Brothers are collaterally estopped from relying on the affirmative defense of comparative fault as to Freightliner, considering it is one of the factors in determining estoppel. Nonetheless, this Court cannot find that "the party against whom [issue preclusion] is sought . . . had a full and fair opportunity to litigate the issue in the prior proceeding." *Smith*, 129 F.3d at 362. Because Sixth Circuit precedent states that the Court has no discretion and must grant a plaintiff's motion to voluntarily dismiss with prejudice, then Briggs and CL Brothers did not have a full and fair opportunity to litigate the issue of Freightliner's negligence, if any, in causing the death of Fontenot. As such, Briggs and CL Brothers are not precluded from relying on the affirmative defense of Freightliner's negligence, and Jernigan's motion in this regard is **DENIED**.

### III. MOTION TO SET ASIDE ORDER OF DISMISSAL WITH PREJUDICE AS TO FREIGHTLINER

Finally, the last motion before this Court is Briggs and CL Brothers' Motion to Set Aside Order of Dismissal With Prejudice as to Freightliner, [Doc. 176]. These defendants move to set aside the order because "there are other pending Motions . . . addressing the liability and issues of other Co-Defendants . . . ." More specifically,

Briggs and CL Brothers move the Court to set aside the order of dismissal "until the other Motions are completely ruled upon." As stated above, this Court had no choice but to enter the order. Therefore, the defendants' motion is **DENIED**. Despite this dismissal with prejudice, Briggs and CL Brothers are not precluded from arguing that Freightliner was negligent in causing the death of Fontenot.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE